**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ANDREA SNIDER** | : | Case No. 1:24-cv-00195 |
| 120 Douglas Circle | : | |
| Georgetown, OH 45121 | : | Judge _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **BROWN COUNTY, OHIO** | : | |
| County Administration Building | : | |
| 800 Mt. Orab Pike, Suite 101 | : | |
| Georgetown, OH 45121 | : | |
| | : | |
| and | : | **COMPLAINT WITH JURY DEMAND** |
| | : | |
| **BROWN COUNTY BOARD OF** | : | |
| **COMMISSIONERS** | : | |
| County Administration Building | : | |
| 800 Mt. Orab Pike, Suite 101 | : | |
| Georgetown, OH 45121 | : | |
| | : | |
| Defendants. | : | |

## PARTIES

1. Plaintiff Andrea Snider ("Plaintiff") resides in Brown County, Ohio.

2. Defendant Brown County, Ohio is a subdivision of the State of Ohio and is an employer within the meaning of United States and Ohio law.

3. Defendant Brown County Board of Commissioners is a subdivision of the State of Ohio, acts as the general administrative body for Brown County, Ohio, and is an employer within the meaning of United States and Ohio law.

4. Defendant Brown County, Ohio and Defendant Brown County Board of Commissioners will be collectively referred to as "Defendants" in this Complaint.

1

## JURISDICTION AND VENUE

5.    This Court has personal jurisdiction over Defendants which transact substantial business in Ohio and has caused Plaintiff injury in Ohio.

6.    This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because it arises under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") 42 U.S.C. §2000e *et seq,* and the Family Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601 *et seq.*

7.    This Court has supplemental jurisdiction over the state law claim in this Complaint pursuant to 28 U.S.C. § 1367 because it derives from the same operative facts and is so related to Plaintiff's federal claims over which the Court has original jurisdiction that they form part of the same case or controversy.

8.    Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). She filed that Charge less than 300 days after being notified of her termination. Plaintiff received a Notice of Right to Sue from the EEOC dated January 10, 2024 (attached as Ex. A), and this Complaint is filed within 90 days of receipt of the Notice.

9.    Venue is proper in this division and district pursuant to 28 U.S.C. § 1391 because Defendants employed Plaintiff in this division and district.

## FACTUAL ALLEGATIONS

10.    Plaintiff is female.

11.    Plaintiff began her employment with Brown County Department of Public Safety, Defendants' official law enforcement department, on April 11, 1999.

12.    Plaintiff worked her way through the ranks and eventually was promoted by former Director of Public Safety, Barb Davis, to her most recent position, 911 Manager, in or around August 2021.

13.     At all times relevant to this Complaint, Plaintiff was a qualified, loyal, and dedicated employee.

14.     Plaintiff performed her duties at a high level throughout her 24-year career.

15.     Plaintiff earned several merit-based increases in compensation.

16.     Plaintiff had no prior disciplinary action.

17.     Plaintiff had no prior performance concerns.

18.     In early 2023, former Director, Ms. Davis, began training Plaintiff to assume the Director position in anticipation of Ms. Davis's departure from Brown County in June 2023.

19.     Plaintiff ran Defendants' public safety office from June through August 2023 without any additional compensation.

20.     Plaintiff applied for the Director position.

21.     Plaintiff's application included twelve letters of recommendation from leaders throughout Brown County, including the Sheriff.

22.     Plaintiff was fully qualified for the Director position.

23.     Defendants did not select Plaintiff for the position despite her qualifications, 24 years of dedicated service and experience with Brown County, and excellent application.

24.     Defendants hired Dominick Daulton, a less qualified male from another county, for the Director position.

25.     Plaintiff took FMLA job-protected leave from August 14 through September 15, 2023.

26.     When Plaintiff returned from FMLA leave, Defendants terminated her employment three days later on September 18, 2023.

27. Defendants stated they terminated Plaintiff because there was not "sufficient work or staffing to necessitate a full-time manager position over the communications center."

28. However, four days later on September 22, 2023, Defendants posted two full-time open positions that included Plaintiff's former duties for application.

29. Plaintiff was not considered for or notified of these open positions for which she was qualified.

## COUNT I

### (Sex Discrimination – Title VII)

30. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

31. Plaintiff is female.

32. Plaintiff was qualified for her position at all relevant times.

33. Plaintiff was qualified for the Director of Public Safety position for which she applied.

34. Defendants' acts in discriminating against Plaintiff include, but are not limited to, treating her less favorably than similarly situated male employees, failing to promote her to the Director position over a less qualified male employee, and terminating her employment on the basis of her sex in violation of Title VII.

35. Defendants' actions were intentional, willful, malicious, and in conscious disregard for Plaintiff's rights.

36. As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to judgment against Defendants under Title VII.

## COUNT II

### (Sex Discrimination – O.R.C. § 4112)

37.    Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

38.    Plaintiff is female.

39.    Plaintiff was qualified for her position at all relevant times.

40.    Plaintiff was qualified for the Director of Public Safety position for which she applied.

41.    Defendants' acts in discriminating against Plaintiff include, but are not limited to, treating her less favorably than similarly situated male employees, failing to promote her to the Director position over a less qualified male employee, and terminating her employment on the basis of her sex in violation of O.R.C. § 4112.

42.    Defendants' actions were intentional, willful, malicious, and in conscious disregard for Plaintiff's rights.

43.    As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to judgment against Defendants under O.R.C. § 4112.

## COUNT III

### (FMLA Retaliation)

44.    Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

45.    Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2601 because Defendants employed her for at least 12 months, she worked at least 1,250 hours in the previous 12-month period, and Defendants employed 50 or more employees.

46.    Plaintiff was entitled to FMLA approved leave for her medical condition as recommended by her physician pursuant to 29 U.S.C. § 2601.

47.     Defendants retaliated against Plaintiff for exercising her rights under the FMLA by terminating her employment three days after she returned from her job-protected leave.

48.     Defendants' actions constitute willful violations of the FMLA, 29 U.S.C. § 2601.

49.     As a result of Defendants' willful violations of the FMLA, Plaintiff has suffered damages and is entitled to relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) That Defendants be enjoined from further unlawful conduct as described herein;

(b) That Plaintiff be reinstated to her employment effective September 18, 2023;

(c) That Plaintiff be awarded all lost pay and benefits;

(d) That Plaintiff be awarded compensatory damages, including for emotional distress;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded punitive damages;

(g) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years;

(h) That Plaintiff be awarded pre-judgment and post-judgment interest;

(i) That Plaintiff be awarded reasonable attorneys' fees and costs; and

(j) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ *George M. Reul, Jr.*
George M. Reul, Jr. (0069992)
Trial Attorney for Plaintiff
Freking Myers & Reul LLC
600 Vine Street, 9th Floor
Cincinnati, OH 45202
Phone: (513) 721-1975
Fax: (513) 651-2570
*greul@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all matters so triable.

/s/ *George M. Reul, Jr.*